# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3271-19T6

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

P.J.C.,

     Defendant-Appellant.

_____

Submitted May 7, 2020 – Decided June 29, 2020

Before Judges Nugent and Suter.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Morris County, Complaint No. W-2020-000049-1424.

American Civil Liberties Union of New Jersey Foundation, attorney for appellant (Alexander R. Shalom and Jeanne M. LoCicero, on the brief).

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (John K. Mc Namara, Jr., Chief Assistant Prosecutor, on the brief).

PER CURIAM

Following defendant's January 29, 2020 arrest for distribution of less than one ounce of marijuana, possession of drug paraphernalia, and possession of marijuana without a prescription, the trial court granted the State's motion for pretrial detention. On April 2, 2020, defendant moved to reopen his detention hearing, and seven days later the trial court denied the motion. On leave granted, defendant appeals. He argues the trial court erred by denying his motion without giving adequate consideration to these intervening developments: the outbreak of COVID-19 in the Morris County jail and in the community; the availability of a third-party custodian; and the State's plea offer that included a sentence of time served and probation. We agree, vacate the order, and remand for a rehearing.

The affidavit of probable cause concerning the charges against defendant includes the following facts. On January 29, 2020, after conducting a motor vehicle stop, a police officer smelled marijuana and searched the occupants. The front seat passenger possessed marijuana, which he and the driver said they purchased for forty dollars from defendant, who was sitting in the back seat. Defendant had forty dollars and a digital scale.

Defendant was charged in a complaint-warrant with fourth-degree distribution of less than one ounce of marijuana, N.J.S.A. 2C:35-5(b)(12),

disorderly persons possession of drug paraphernalia, N.J.S.A. 2C:36-2, and disorderly persons possession of 50 grams or less of marijuana without a prescription, N.J.S.A. 2C:35-10(a)(4). The State moved for defendant's pretrial detention.

The trial court granted the State's motion on February 3, 2020. The order granting pretrial detention includes a finding "by clear and convincing evidence that no amount of monetary bail, non-monetary conditions or combination of monetary bail and conditions would reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community."

The court's reasons supporting this conclusion included defendant being charged with "drug offenses," the weight of the evidence supporting the charges, and defendant's history and characteristics. Specifically, the court noted that when defendant committed the charged offenses, he "was on release (Level III+ monitoring) and also on probation. He had just been sentenced to probation [four] days before his arrest." The court also considered defendant's public safety assessment risk scale scores, five for failure to appear and six for new criminal activity, as well as the recommendation of no release.

This was not the first arrest for defendant, who is twenty-two years old. He was arrested in Essex County eight months earlier, in May 2019, and charged with three offenses, which the complaint-warrant designate as third-degree crimes: possession of more than 1503 grams of edible marijuana, N.J.S.A. 2C:35-10(a)(3); possession with intent to distribute 1503 grams of edible marijuana, N.J.S.A. 2C:35-5(b)(11); and possession of 1503 grams of edible marijuana within 1000 feet of a school, N.J.S.A. 2C:35-7(a). The court "departed" from the pretrial services recommendation against release and released defendant on pretrial monitoring Level III+ "without the use of an approved electronic monitoring device."

Five months later, in October 2019, defendant was arrested again for marijuana-related offenses. He entered into a negotiated plea agreement, pleaded guilty to an accusation charging him with possession with intent to distribute or dispense less than one ounce of marijuana or five grams of hashish, N.J.S.A. 2C:35-5(a)(1) and (b)(12), and on January 24, 2020—five days before his arrest on the current charges—was sentenced to probation for one year.[1]

---

[1] For defendant's probation violation, the court ordered that defendant's fees, penalties and assessments be turned over for collection, defendant be given seventeen jail time credits, and probation be terminated as unsuccessful.

4                                          A-3271-19T6

Defendant was thus on probation and Level III+ monitoring when the court granted the State's motion to detain him pending trial on the current charges stemming from the motor vehicle stop. Defendant filed a motion on April 2, 2020, to reopen the detention hearing.

In support of his motion, defendant emphasized the outbreak and spread of COVID-19, particularly its spread and consequences throughout the Morris County jail. His mother submitted an affidavit averring she was willing to serve as "third-party custodian." She agreed to report to pretrial services any violation by her son of any conditions of release. During argument on the motion, counsel also stressed the State had recently offered defendant a plea that included a sentence of time served plus probation. Although the State had offered a pre-indictment plea to a charge of fourth-degree distribution with a three-year prison term and eighteen months of parole ineligibility—according to an assistant prosecutor's certification—it later offered a revised plea to third-degree conspiracy to distribute CDS with a sentence of time served plus probation. Defendant rejected the revised plea offer.

In its decision denying defendant's application, the trial court acknowledged there are risks associated with COVID-19 in a jail setting. The court also acknowledged that when the previous judge initially granted the

State's pretrial detention motion, the court and the parties "had no inkling of how bad the COVID-19 situation would become."  Citing the Supreme Court's consideration of the issue in In the Matter of the Request to Commute or Suspend Certain County Jail Sentences,  ___ N.J. ___ (2020), however, the trial court noted the Court's final order applied "only to relatively low-level [offenders] . . . and certainly does not apply to [defendant]."

The court next considered the steps the Morris County Sheriff had taken to prevent further spread of COVID-19 in the Morris County jail, as reported on the Sheriff's website, https://sheriff.morriscountynj.gov/2020-04/06/morris-county-sheriff-covid-19-update-twenty-correctional-facility-staff-and-nine-inmates-have-tested-positive-for-the-virus/.  Based on this report, the court was "satisfied that the Sheriff is taking the appropriate steps."  The court did not find "that the COVID-19 pandemic is . . . any sort of material factor on the detention decision."[2]

---

[2]   The Morris County Sheriff, the jail's administration, and the jail's employees have made significant efforts to curb the virus's spread.  When defendant first filed an application for emergent relief, the jail's website reported at least twenty staff members and nine inmates had tested positive.  Two weeks later, the number of cases had substantially decreased.  In a recent letter, the State reports there are no remaining positive cases.

Last, the court rejected defendant's argument that the State's plea offer, which included probation, was material to the motion. The court noted "[i]t simply doesn't go to the statutory factors, or cut away from the decision and the findings that [the previous judge] made in his [initial decision granting the State's motion]."

On appeal, defendant argues the court erred by rejecting the State's plea offer as a material factor to be considered on the motion. Defendant contends the plea offer of probation is inconsistent with the rationale for pretrial detention. Additionally, defendant argues his mother's offer to become a third-party custodian provided additional assurance he would comply with pretrial conditions of release. Defendant insists these considerations, along with the spread of the COVID-19 virus and concomitant risk of infection in County jails, warranted the grant of his motion.

Although defendant did not appeal from the initial pretrial detention order, he now attempts to attack that order. He argues the court gave inappropriate weight to the nature of the offense he allegedly committed and failed to look into why pretrial services did not recommend his pretrial release.

The State responds the trial court did not abuse its discretion by denying defendant's motion to reopen his pretrial detention hearing. The State notes its

7                                                          A-3271-19T6

second plea offer—for time served and probation—was based in part on the evolving circumstances surrounding the COVID-19 virus. Because defendant rejected the plea offer, it is now a nullity and thus has no bearing on defendant's motion to reopen.

The State adds defendant's mother's willingness to serve as a custodian is of little or no significance because defendant lived with her when he violated the terms of his probation. Last, the State argues that because defendant did not appeal from the initial detention order, he should not be able to attack it on a motion to reopen the hearing. Alternatively, the State argues the trial court's initial detention decision was amply supported by the record and did not result from an abuse of the court's discretion.

This case arises under the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26, which, "[o]verall, . . . 'shall be liberally construed' to rely 'primarily . . . upon pretrial release' . . . to achieve three aims: to ensure that defendants appear in court, to protect the safety of the community, and to guard against 'attempt[s] to obstruct the criminal justice process.'" State v. Hyppolite, 236 N.J. 154, 163 (2018) (second alteration in original). As our Supreme Court has recently reiterated, inmates have a "generalized 'liberty interest in being free from physical restraint[.]'" In the Matter of the Request to Modify Prison

Sentences, Expedite Parole Hearings, and Identify Vulnerable Prisoners, ___ N.J. ___, ___ (2020) (slip. op. at 32) (quoting N.J. Parole Bd. v. Byrne, 93 N.J. 192, 210 (1983)).  This interest "is heightened by the widespread presence of COVID-19 in jail."  Ibid.

Such is particularly so in the case before us, where defendant has been detained in county jail on a fourth-degree, non-violent offense, and the criminal process has been effectively suspended by a pandemic, the likes of which this nation has not seen in a century, perhaps ever.

The CJRA provides that a detention hearing

> may be reopened . . . at any time before trial, if the court finds that information exists that was not known to the prosecutor or the eligible defendant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, or that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process.
>
> [N.J.S.A. 2A:162-19(f).]

Here, the trial court acknowledged COVID-19 was a new factor, but found it was not material to the CJRA criteria for opening a detention hearing. Similarly, the trial court did not find the State's plea offer to be material to the CJRA criteria.  The trial court did not specifically address defendant's mother's

9

willingness to act as a designated person, assume supervision, and report any violation of defendant's release conditions to the court. Nothing in the record submitted on this appeal suggests the mother was willing or able to act in that capacity at the time of defendant's initial detention hearing.

We deem significant the trial court's apparent oversight of the mother's willingness to supervise defendant and enforce the conditions of his pretrial release. As defendant points out, it is an option available to the court under N.J.S.A. 2A:162-17(b)(2). Moreover, if considered in conjunction with other options, such as electronic monitoring, the court may very well have concluded the aims of the CJRA would have been satisfied, particularly in view of the State's implicit judgment—reflected by its plea offer—that defendant could be safely released into the community as an alternative to being imprisoned in a setting where his risk of exposure to a fatal disease was elevated. The trial court's apparent oversight and failure to address this apparently new information constituted a misapplication of discretion under our standard of review for denying motions to open pretrial detention hearings. Hyppolite, 236 N.J. at 171; N.J.S.A. 2A:162-19(f); R. 3:4A(b)(3).

We remand this matter for reconsideration by the trial court. We note that when the trial court denied defendant's motion to reopen his detention hearing,

10

it stated more than once that it was not sitting as an appellate court to review the determination of the judge who initially granted the State's pretrial detention motion. Yet, in determining whether new information presented on a motion to reopen is material—the second statutory element required to reopen the hearing—a court may have to review some if not all of the factors in N.J.S.A. 2A:162-20. For example, if the court determines in this case the danger to the community is defendant selling small quantities of marijuana to others, some consideration will presumably be given to the likelihood of that occurring if defendant is confined to his home, under his mother's custodial supervision, and is electronically monitored.

The court shall provide a statement of reasons for review on appeal.

We decline to consider defendant's argument challenging the initial pretrial detention hearing, as defendant did not timely appeal from the detention order.

Reversed and remanded for reconsideration consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION